UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                                             :
DAG JEWISH DIRECTORIES, INC.,                                :    09 Civ. 7802 (RJH)
a New York corporation,                                      :
                         Plaintiff,                          :
                                                             :
           -against-                                         :    **MEMORANDUM OPINION**
                                                             :    **AND ORDER**
Y & R MEDIA, LLC, a California limited                       :
liability company, RAN ITACH and                             :
YOAHAN HAYOUN a/k/a/ YOANN ERIC                              :
HAYOUN                                                       :
                         Defendants.                         :
                                                             :
-------------------------------------------------------------x
```

Plaintiff DAG Jewish Directories, Inc. (DAG) moves for a preliminary injunction against defendant Yoahan Hayoun seeking to enforce restrictive covenants in an employment contract that he purportedly entered into with plaintiff. For the reasons that follow, the Court concludes that no further hearing is required and denies plaintiff's motion for a preliminary injunction with respect to its restrictive covenant claims.

## BACKGROUND

Defendant Hayoun left his job as a sales representative for plaintiff's Jewish phone directory company less than a month after his starting in mid-February 2009, and shortly thereafter incorporated his own Jewish yellow-page company, co-defendant Y&R Media. Plaintiff brought an application for a preliminary injunction against Hayoun, Y&R, and Ran Itach alleging claims for violation of federal trademark law, breach of his employment contract, and common law fraud and misrepresentation. The Court

1

considered the submissions of the parties and held an evidentiary hearing on October 16, 2009.  On October 23, 2009, the Court held another hearing at which it issued an oral decision granting plaintiff's motion in part and denying it in part.  (Oct. 23 Hr. Tr. 2.)  The Court found that an injunction was appropriate under plaintiff's false representation and unfair competition claims, and preliminarily enjoined the defendants from, *inter alia*, misrepresenting themselves as being a subsidiary of DAG.  (Oct. 23 Hr. Tr. 5.)  On the trademark claims the Court found that plaintiff was unlikely to succeed on the merits because it doubted the enforceability of plaintiff's marks, and therefore the Court denied that aspect of plaintiff's preliminary injunction request.  (Oct. 23 Hr. Tr. 8.)  The Court deferred ruling on plaintiff's restrictive covenant claims and ordered expedited discovery on that issue.  (Oct. 23 Hr. Tr. 9-10.)

Following expedited discovery, plaintiff requested further hearing on its preliminary injunction request, but the Court first ordered an additional round of briefing with appropriate evidentiary submissions to determine if further hearing was necessary. Having reviewed those submissions, the Court concludes that a further hearing is unwarranted and now rules on the restrictive covenant aspect of plaintiff's preliminary injunction request.

## DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Counsel, Inc.*, 129 S.Ct. 365, 276 (2008).  Under Second Circuit law, a party seeking a preliminary injunction must demonstrate a likelihood of irreparable harm in the absence of an injunction, *id.* at 365, and "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the

2

merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *County of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008). The Court notes that the Supreme Court recently indicated that a movant for a preliminary injunction "*must* establish that he is likely to succeed on the merits…." *Winter*, 129 S.Ct. at 374 (emphasis added). Though the Supreme Court's formulation may conflict with the Second Circuit's "fair ground for litigation" standard, any differences that may exist would not control the outcome of this issue because plaintiff has demonstrated neither a likelihood of success on the merits nor a balance of hardships tipping in its favor.

Plaintiff has not demonstrated a likelihood of success on the merits. To the contrary, plaintiff will face great difficulty proving the validity of the contract with Hayoun. Plaintiff has been unable to produce anyone with personal knowledge of his signing the contract. Defendant himself affirms, as does his immediate supervisor, that he did not. The contract itself states that it was executed in Kew Gardens, New York, but the defendant was living in California at the time that he allegedly signed the document. Plaintiff's expert did not conclude that the signature in question was the defendant's, but rather found only that the signature resembles Hayouns and indicated that an original of the document would need to be provided before he could make any conclusions.[1] Plaintiff has been unable to produce an original of the document and has indicated that the originals are "missing." (Ran Cert. ¶ 10.) Four of the seven blanks on the document

---

[1] The handwriting examiner found as follows:
> There is a wide range of variation between the known signatures. The questioned signature, even though it is a poor copy, falls within the normal variation found amongst the known signatures. It resembles the known signatures. An accurate conclusion regarding the authenticity of the questioned signature may be rendered if the original questioned signature is examined.

(McNally report, Cohen Cert. Ex. A.)

are not filled in, including the lines for employee address, social security number, and the line for a DAG agent's signature. Plaintiff has no answer for any of this other than repeatedly asserting that DAG has an "iron-clad" policy of executing employment agreements with sales representatives. Yet Defendant's supervisor Ran Itach has affirmed that he did know of that policy and that he did not have new hires sign employment agreements.[2]

The validity of the contract is not the only difficulty plaintiff faces in enforcing it against defendant. The restrictive covenant in the contract limits its application to northern New Jersey and counties serviced by DAG's New Jersey office, but defendant operates his business in California and caters primarily to west coast clients.[3] Plaintiff has not frontally addressed this obstacle and it is not obvious to the Court how it could. Such covenants are not construed liberally in either New York or California, and even

---

[2] The Court further notes that the alleged signature of Hayoun's on the employment agreement, (Atzmon Cert. Ex. A), contains an additional horizontal line running parallel to, but slightly below, the signature line on the form agreement, possibly indicating that the purported signature was a "cut-and-paste" job. The Court draws no conclusion from this observation and it is not among the bases for this decision.

[3] The Court also notes that the supplemental certification of Erez Atzmon, submitted by plaintiff in support of its motion, misquotes the employment agreement so as to leave out the New Jersey limitation. The actual employment agreement, attached as Exhibit A to that certification, limits the non-compete covenant to
> a period of twenty-four (24) months, *in the northern part of the state of New Jersey* (in or within 50 miles of any county which was serviced by the company's *New Jersey* office during employee's employment hereunder).
> (Employment Agreement, Atzmon Cert. Ex. A (emphasis added).)

Within a seven paragraph block quote of that contract, the Atzmon certification uses different language. It states that the agreement limited the non-compete covenant to
> a period of twenty-four (24) months, within 50 miles or [sic] any county which was serviced by the Company's [sic] office during Employee's [sic] employment hereunder.
> (Atzmon Cert. ¶ 6.)

This does not appear to have been an inadvertent mistake. Aside from that substantially altered sentence, the seven paragraphs of block text in paragraph six of the Atzmon certification precisely matches the employment agreement which it purports to quote.

where they are enforceable there must be, *inter alia*, a reasonable geographic and temporal connection between the employment and the covenant.[4] *See, e.g., Reed, Roberts Assocs., Inc. v. Strauman*, 40 N.Y.2d 303, 307, 386 N.Y.S.2d 677, 679 (1976) (restrictive covenant enforceable under New York law only, *inter alia*, "to the extent that it is reasonable in time and area"); California Bus. And Prof. Code, § 16600 (subject to narrow exceptions, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."). *Edwards v. Arthur Anderson, LLP*, 189 P.3d 285, 287-88 (Cal. 2008) ("section 16600 evinces a settled legislative policy in favor of open competition and employee mobility.").

Nor does the balance of hardships tip decidedly in plaintiff's favor. The hardships faced by defendant are severe: enforcement of the restrictive covenants in the way that plaintiffs desire would foreclose Hayoun from maintaining his new business and from working in the Jewish directory business altogether. On the other hand the hardship to plaintiff is more moderate: with Hayoun in the business DAG faces slightly greater competition in the marketplace for Jewish yellow-page style directory services. Balancing these hardships, the Court does not find that those faced by plaintiff are any weightier than those that would be suffered by defendant were he preliminarily enjoined.

For the foregoing reasons, plaintiff's motion for a preliminary injunction with respect to its restrictive covenant claims against defendant Hayoun is DENIED.

---

[4] Since it concludes that plaintiff has not demonstrated a likelihood of success on the merits under either New York or California law, the Court need not at the preliminary injunction stage determine which law is applicable to this aspect of the dispute.

Dated: New York, New York
January 07, 2010

SO ORDERED:

_____
Richard J. Holwell
United States District Judge